IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

CHARLES ANTHONY ALMANZA, CHARLES KEMLER JR., LEILA MAGEE, TY'KEA TALBERT, KRISTINE DIVNEY and LUCIANO FLOR

                      *Plaintiffs*,

v.

BIZARRE, LLC, JEAN STEPHANE SAUVAIRE and GREG BABEAU
                      *Defendants.*

ECF Case
Civil Action No. 1:19-cv-04792
COMPLAINT
JURY TRIAL DEMNDED

---

## COMPLAINT

Defendants own and operate a restaurant and bar in Brooklyn, New York, and have conducted a years-long scheme of denying their employees minimum wage, overtime compensation and earned tips. Plaintiffs Charles Anthony Almanza, Charles Kemler Jr., Leila Magee, Ty'kea Talbert, Kristine Divney and Luciano Flor ("Plaintiffs") bring this Complaint against Defendants Bizarre LLC, Jean Stephane Sauvaire, and Greg Babeau (collectively, "Defendants"), to recover unpaid wages, wrongly withheld tip payments, liquidated damages, reasonable attorneys' fees, costs, and other relief as appropriate under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the New York Labor Law § 652 *et seq*.

## PARTIES AND JURISDICTION

1. Defendant Bizarre LLC is a New York corporation which operates a bar and restaurant under the trade name "Bizarre" located at located at.

2. Defendant Jean Stephane Sauvaire co-owns and operates Bizarre, and supervised Plaintiffs' work and pay throughout Plaintiffs' employment at Bizarre and at all times relevant to the claims herein. Defendant Jean Stephane Sauvaire resides at 12 Jefferson St, Brooklyn, NY 11206.

3. Defendant Greg Babeau co-owns and operates the Bizarre, and supervised Plaintiff's work and pay throughout Plaintiffs' employment at Bizarre and at all times relevant to the claims herein. Defendant Greg Babeau resides at 12 Jefferson St, Brooklyn, NY 11206.

4. Plaintiff Charles Anthony Almanza is a resident of Brooklyn, New York and worked as a bartender at Bizarre from approximately February 11, 2019 to June 29, 2019.

5. Plaintiff Charles Kemler Jr. is a resident of Brooklyn, New York and worked as a bartender at Bizarre from December 2018 to June 2019.

6. Plaintiff Leila Magee lived in New York City from approximately January 2018 to August 2019. She worked as a bartender at Bizarre from approximately January 2, 2019 to March 13, 2019. As of the beginning of August 2019, she has been residing in Oakland, California.

7. Plaintiff Ty'kea Talbert is a resident of Brooklyn, New York and worked as a bartender at Bizarre from approximately October 18, 2018 to May 9, 2019.

8. Plaintiff Kristine Divney is a resident of Brooklyn, New York and worked as a bartender at Bizarre from approximately November 8, 2018 to January 13, 2019.

9. Plaintiff Luciano Flor is a resident of Brooklyn, New York and worked as a bartender at Bizarre from approximately June 14, 2018 to December 1, 2018.

10. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331, which confers jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1337, which confers federal jurisdiction over "any civil action or proceeding arising under any Act of Congress regulating commerce."

11. This Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(a), which confers federal subject matter jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." As discussed below, Plaintiffs' state-law claims arise from a common set of operative facts—*i.e.,* their employment by Defendants in Brooklyn, New York—and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.

12. Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in this District.

### FACTS

13. Plaintiffs worked as bartenders at Bizarre.

14. Defendants willfully paid Plaintiffs for their services and labor at a rate below the applicable minimum hourly wage, in violation of the FLSA, 29 U.S.C §§ 206 and 207, and the New York Minimum Wage Act, N.Y. Lab. Law § 650 et seq.

15. Plaintiffs performed approximately 20 hours of training, which was entirely unpaid.

16. Plaintiffs regularly worked in excess of 40 hours a week and more than 10 hours in a day, yet Defendants willfully failed to pay Plaintiffs overtime pay of one and one-half times their regular hourly rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA and the New York Minimum Wage Act.

17. Plaintiffs' paystubs demonstrate that they were paid far less than either the New York minimum wage or the federal minimum wage for all hours worked.

18. Plaintiffs received money as tips from Defendants' customers. However, Defendants did not provide plaintiffs written notice, at or before hire, that these tips would be credited towards the payment of the minimum wage, in violation New York's Wage Theft Prevention Act.

**COUNT I - VIOLATION OF FLSA MINIMUM WAGE AND OVERTIME PROVISIONS**

19. Plaintiffs re-allege and incorporate by reference the allegations set forth above.

20. Section 206(a) of the FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages . . . not less than . . . $7.25 an hour."

21. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

22. Plaintiffs were "employees" and Defendants were their "employers" under the FLSA, § 203.

23. Defendants violated the FLSA by knowingly and willfully failing to compensate Plaintiffs at a rate equal to or greater than $7.25 for all hours worked and at a rate of time-and-

one-half their regular hourly rate for every hour worked in excess of 40 hours per week. This was done by failing to pay Plaintiffs the minimum wage and overtime premium on payday and failing to provide Plaintiffs the entirety of the tips to which they were entitled.

24. Defendants' violations of the FLSA were repeated, willful, intentional, and in bad faith.

25. Defendants are liable to Plaintiffs under the FLSA § 216(b), for all unpaid wages, all wrongly withheld tips, liquidated damages, interest (both pre- and post- judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT II - VIOLATION OF NEW YORK LABOR LAW

26. Plaintiffs reallege and incorporate by reference the allegations set forth above.

27. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the New York Labor law, §§ 2 and 651.

28. Defendants violated Plaintiffs' rights by failing to provide them written notice of their rate of pay at or before hire, in violation of New York Labor Law and New York Wage Payment Act.

29. Defendants violated Plaintiff's rights by failing to pay Plaintiffs at the applicable minimum hourly wage, in violation of New York Minimum Wage Act (Article 19 of the New York Labor Law). This was done by failing to pay Plaintiffs the minimum wage on payday, and failing to provide Plaintiffs the entirety of the tips to which they were entitled. Defendants' violations were repeated, willful, intentional, and in bad faith.

30. Defendants violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten in one day, in violation of the New York Minimum Wage Act and its regulations.

This was done by failing to pay Plaintiffs the required overtime compensation on payday, and failing to provide Plaintiffs the entirety of the tips to which they were entitled. Defendants' violations were repeated, willful, intentional, and in bad faith.

31. Defendants' New York Labor Law violations have caused Plaintiffs irreparable harm for which there is no adequate remedy at law.

32. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants all unpaid wages, all wrongly withheld tips, liquidated damages, interest (both pre- and post- judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate, pursuant to N.Y. Labor L. § 663(1).

## PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court:

   a. Declare Defendants' conduct complained of herein to be in violation of the Plaintiffs' rights under the FLSA and the New York Labor Law;

   b. Award Plaintiffs unpaid wages, the value of wrongly withheld tips, liquidated damages, interest (both pre- and post- judgment), attorneys' fees and costs as a result of Defendants' willful and intentional violations of the FLSA and the New York Labor Law;

   c. Enjoin Defendants from continuing to violate the FLSA and the New York Labor Law; and

   d. Grant Plaintiffs such further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: August 20, 2019 Respectfully submitted,

/s/Matthew K. Handley
Matthew K. Handley
HANDLEY FARAH & ANDERSON PLLC
777 6th Street NW
Eleventh Floor
Washington, DC 20001
Phone: (202) 559-2411
Email: mhandley@hfajustice.com

/s/George F. Farah
George F. Farah
HANDLEY FARAH & ANDERSON PLLC
81 Prospect St
Brooklyn, NY 11201
Phone: (703) 851-2467
Email: gfarah@hfajustice.com

/s/Sheila R. Maddali
Sheila R. Maddali
NATIONAL LEGAL ADVOCACY NETWORK
53 W. Jackson Blvd. Suite #1224
Chicago, IL 60604
Phone: (888) 610-7752
Email: smaddali@n-lan.org

*Counsel for Plaintiffs*